19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone A. ANDERSON, Plaintiff-Appellant,
v.
Odale WOODS, et al., Defendants-Appellees.
 No. 93-3830.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 N.D.Ohio, No. 93-07313; David D. Dowd, Jr., District Judge.
 N.D.Ohio
 AFFIRMED.
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Tyrone A. Anderson, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Anderson sued the warden and six additional officers and employees of the Marion Correctional Institution (MCI) in their individual capacity for allegedly violating his rights under the Eighth and Fourteenth Amendments. Anderson alleged that the defendants were deliberately indifferent to his medical needs when they assigned him in 1991 to a sanding shop at MCI where he was exposed to asbestos fibers contained in the ceiling. He further alleged that he subsequently developed "first stages of cancer effects" in the form of sarcoidosis.
 
 
 3
 The district court dismissed Anderson's complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d), after concluding that it presented only conclusory allegations which did not state specifically how each defendant violated his federally-protected rights. On appeal, Anderson continues to argue the merits of his claim. Additionally, he states that, besides sarcoidosis, he has developed lung cancer.
 
 
 4
 Upon consideration, we conclude that the district court erred when it summarily dismissed Anderson's Eighth Amendment claim as frivolous under Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 A complaint may be dismissed sua sponte as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 326 (1989). This standard is more lenient than the standard for dismissal for failure to state a claim on which relief may be granted. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); Fed.R.Civ.P. 12(b)(6).
 
 
 6
 Anderson's Eighth Amendment claim has an arguable basis in both law and fact and, thus, is not frivolous. It has a basis in law because the law prohibits prison officials from acting in a manner which is deliberately indifferent to a prisoner's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Intentionally exposing an inmate to a known cancer-causing source does arguably fit within the protection afforded by the Eighth Amendment. In addition, it has a basis in fact because it is not a claim "describing fantastic or delusional scenarios." See Neitzke, 490 U.S. at 327-28. A court should not summarily dismiss a complaint as frivolous unless the suit is frivolous under the Neitzke definition set forth above.
 
 
 7
 We nonetheless affirm the dismissal of Anderson's claim as filed under the Fourteenth Amendment because his claim challenging the conditions of his confinement is governed exclusively by the Eighth Amendment. See Helling v. McKinney, 113 S.Ct. 2475, 2480 (1993); Cornwell v. Dahlberg, 963 F.2d 912, 915-16 (6th Cir.1992).
 
 
 8
 Accordingly, the district court's judgment is affirmed to the extent it dismissed Anderson's Fourteenth Amendment claim, yet it is vacated and the case remanded for service of the complaint upon the defendants and for further proceedings with respect to Anderson's Eighth Amendment claim. Rule 9(b)(3), Rules of the Sixth Circuit.